UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| **CHRIS C. CHRISTENSEN** on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**FREEDOM MORTGAGE CORPORATION**,<br><br>Defendant. | Case No.:<br><br>**COLLECTIVE/CLASS ACTION COMPLAINT**<br><br>**29 U.S.C. §216(b) Collective Action**<br><br>**FED. R. CIV. P. 23(b)(3) Class Action**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Chris C. Christensen ("Named Plaintiff"), for his Complaint against Defendant Freedom Mortgage Corporation ("Defendant"), brings this action individually and on behalf of all non-exempt employees employed by Freedom Mortgage Corporation who worked at least 38 hours in any one workweek anywhere in the United States. Named Plaintiff Chris C. Christensen brings this action to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 201 *et seq*. Named Plaintiff Christensen also brings OAR 839-020-0050(2)(a) and OAR 839-020-0030(1) ("Oregon Administrative Rules"), and ORS 653.261 ("Oregon Wage Laws") (the Oregon Administrative Rules and Oregon Wage Laws will collectively be referred to as "Oregon Wage Laws") claims as to recover compensation, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, and other equitable relief on behalf of himself and all Oregon employees pursuant to Fed. R. Civ. Proc. 23(b)(3).

## I. PARTIES AND JURISDICTION

1.      Named Plaintiff is an adult individual residing in Beaverton, Oregon. Named Plaintiff was employed by Defendant in a fully remote position as a Customer Service Specialist

Page - 1  COLLECTIVE/CLASS ACTION COMPLAINT

starting in December 2020 and remains employed in that position as of the filing of this Complaint. His notice of consent is attached as **Exhibit A.**

2. The Putative Plaintiffs are all non-exempt employees employed by Freedom Mortgage Corporation at any time within the period of three (3) years preceding the filing of Plaintiffs' Motion for Court Supervised Notice through the date of judgment who worked at least 38 hours in any one workweek (hereinafter referred to as "Putative Plaintiffs").

3. Defendant Freedom Mortgage Corporation ("Defendant") is a corporation headquartered at 907 Pleasant Valley Avenue, Mt. Laurel, New Jersey 08054 and is registered to do business in the state of Oregon. Process may be served upon its Registered Agent, CT Corporation System at 820 Bear Tavern Road, West Trenton, NJ 08628.

4. This Court has federal question jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 because it asserts claims under the Fair Labor Standards Act ("FLSA").

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the claims share a common nucleus of operative fact and arise out of the same occurrence as the federal claims.

6. Venue in the District of New Jersey is proper pursuant to 28 U.S.C. § 1391 as the Defendant is headquartered within the District.

II. **FACTUAL ALLEGATIONS**

7. At all times material to this Complaint, Defendant was an employer within the meaning of the FLSA and Oregon Wage Laws.

8. During all times material to this Complaint, Defendant employed Named Plaintiff and the Putative Plaintiffs within the meaning of the FLSA and Oregon Wage Laws.

9. During all times material to this Complaint, Named Plaintiff and the Putative

Plaintiffs were Defendant's employees pursuant to the FLSA and Oregon Wage Laws.

10. During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

11. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs were non-exempt employees as that term is defined by the FLSA and Oregon Wage Laws.

12. Defendant is a national mortgage lender that helps millions of Americans buy and refinance their homes.[1]

13. Defendant is a mortgage company that offers mortgage loans and servicing in all 50 states, the District of Columbus, Puerto Rico and the U.S. Virgin Islands.

14. To provide its services, Defendant employed (and continues to employ) hundreds of hourly call-center employees throughout the United States—Named Plaintiff and the Putative Plaintiffs—who assist Defendant's clients.

15. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs worked for Defendant as customer service agents, with job duties consisting of collecting payments, updating information in Defendant's systems, and making or receiving phone calls from clients regarding their mortgages or refinancing their homes.

---

[1] *See* https://www.freedommortgage.com/about accessed on 03/05/2025.

Page - 3  COLLECTIVE/CLASS ACTION COMPLAINT

16. During all times material to this Complaint, Named Plaintiff was typically scheduled to work Monday through Friday from 8:00 a.m. to 5:00 p.m.

17. Once a month, Named Plaintiff worked a shortened shift on Wednesday, from 8:00 a.m. to 11:00 a.m. During weeks with this adjusted Wednesday schedule, he was also required to work on Saturday from 6:00 a.m. to 11:00 a.m.

18. Upon information and belief, beginning in approximately January 2024, Defendant implemented a new Artificial Intelligence (A.I.) software system that nearly doubled the amount of phone calls Named Plaintiff and the Putative Plaintiffs received. Because of this influx of phone calls, Defendant required Named Plaintiff and the Putative Plaintiffs to begin working what Defendant refers to as "mandatory overtime."

19. On "mandatory overtime" days, Named Plaintiff and Putative Plaintiffs are required to clock in at 6:45 a.m. instead of the usual 8:00 a.m. start time. Additionally, they must take a reduced lunch break of only forty-five (45) minutes, rather than their standard sixty (60) minute break.

20. Upon information and belief, Named Plaintiff and the Putative Plaintiffs are required to work one (1) to two (2) "mandatory overtime" days each workweek.

21. Indeed, during all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs regularly worked (and continue to work) in excess of forty (40) hours in a work week.

22. During all times material to this Complaint, based on Defendant's companywide policy, Named Plaintiff and the Putative Plaintiffs were required to perform work "off-the-clock" and without pay.

23. During all times material to this Complaint, Named Plaintiff and the Putative

Plaintiffs were required to start up and log into multiple software programs before being able to clock-in for the start of their shifts ("Clock-in Duties"). Oftentimes, these Clock-in Duties can take anywhere from seven (7) to ten (10) minutes to complete.

24. During all times material to this Complaint, the software programs were (and continue to be) set up in a way that forces Named Plaintiff and the Putative Plaintiffs to load and sign into several different programs before they are able to get into their timeclock software, Workday. These programs include NICE, Sagent, Salesforce, Softphone, Freedom Engage, EDMS, and DUO. This makes it impossible for Named Plaintiff and the Putative Plaintiffs to clock-in prior to completing their Clock-in Duties.

25. In addition to the physical inability to clock in before completing Clock-in Duties, Defendant further has a company-wide policy in place that prohibits Named Plaintiff and the Putative Plaintiffs from clocking-in more than three (3) minutes after the start time of a scheduled shift.

26. Indeed, Defendant required (and continues to require) Named Plaintiff and the Putative Plaintiffs to be ready to accept their first customer call the moment the employee's official shift starts.

27. In order to be ready to accept calls at the moment the official shift starts, the Clock-in Duties must be complete to allow employees to see client information for phone calls, receive guidance on technical issues, and communicate with supervisors throughout the day.

28. If Named Plaintiff and the Putative Plaintiffs have not completed their Clock-in Duties prior to their clock in time, they will not be prepared to take phone calls by their shift start time, and they can be (and often are) subject to discipline.

29. Defendant's requirements further extend to Named Plaintiff and the Putative

Plaintiffs as they return to clock-in after lunch or breaks throughout the shift. Named Plaintiff and the Putative Plaintiffs are oftentimes required to end their lunch and breaks early in order to complete their Clock-in Duties before getting back to work.

30. Named Plaintiff and Putative Plaintiffs are permitted two paid breaks of fifteen (15) minutes during each shift. However, if they are away from their computers for more than five (5) minutes, the system automatically logs them out, requiring them to spend an additional five (5) minutes off-the-clock to log back in.

31. As a result of Defendant's company-wide policy and practice of requiring Named Plaintiff and the Putative Plaintiffs to perform their Clock-in Duties off-the-clock before the beginning of their shifts and before returning from breaks, Named Plaintiff and the Putative Plaintiffs were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

32. In addition, during all times material to this Complaint, because of the volume of phone calls Named Plaintiff and the Putative Plaintiffs are required to respond to throughout their shift, the only time that they have to perform integral and indispensable duties—such as responding to emails, checking the team chat, or communicating with supervisors—is during their thirty (30) minute auto-deducted meal break.

33. As a result, Named Plaintiff and the Putative Plaintiffs often, if not always, are not receiving an uninterrupted, bona fide meal break. However, Defendant does not compensate Named Plaintiff and the Putative Plaintiffs for this time.

34. During all times material to this Complaint, Defendant paid Named Plaintiff and Putative Plaintiffs non-discretionary bonuses that Defendant willfully did not include in the Named Plaintiff's and Putative Plaintiffs' regular rate of pay for calculating overtime pay.

35. During all times material to this Complaint, and upon information and belief, Defendant's failure to pay Named Plaintiff and Putative Plaintiffs for off-the-clock work was willful and not made in good faith.

36. Indeed, Defendant knew that Plaintiffs were performing work off-the-clock without pay and continued to let this occur. On January 23, 2025, Named Plaintiff had a meeting with Defendant's HR team to address his off-the-clock work complaints. Defendant's HR team asked Named Plaintiff to send them a detailed log of the dates and times that Named Plaintiff believed he performed work off-the-clock (the "Detailed Log"). *See Named Plaintiff's Detailed Log of Off-the-Clock Work* attached as **Exhibit B.**

37. On January 27, 2025, Named Plaintiff sent Defendant's HR team the Detailed Log, to which Defendant never addressed or used to correct Named Plaintiff's paystubs to compensate him for this prior unpaid time.

38. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs were entitled to be paid for all hours worked in excess of forty (40) in a workweek at 150% the appropriate regular rate.

39. By not paying Named Plaintiff and the Employees Entitled to Notice at a rate of 150% of their regular rate for all hours worked over forty (40) in a workweek, Defendant willfully violated the FLSA and Oregon Wage Laws.

### III. CAUSES OF ACTION

#### A. COURT SUPERVISED NOTICE PURSUANT TO 29 USC § 216(b) ALLEGING FLSA VIOLATIONS

40. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

41. Named Plaintiff requests that the Court issue Court Supervised Notice to the

following group of current and former employees defined as:

> **All current and former non-exempt employees employed by Freedom Mortgage Corporation anywhere in the United States at any time within the period of three (3) years preceding the filing of Plaintiffs' Motion for Court Supervised Notice through the date of judgment who worked at least 38 hours in any one workweek. ("Employees Entitled to Notice")**

42. Named Plaintiff reserves the right to amend and refine the definition of the Employees Entitled to Notice he seeks to have the Court serve notice based upon further investigation and discovery.

43. The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

44. Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiff.

45. Sending Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for paying them for all hours worked.

46. Defendant willfully withheld Named Plaintiff and the Employees Entitled to Notice's earned overtime compensation for work they performed pursuant to the common policies described herein.

47. Named Plaintiff and the Employees Entitled to Notice are "similarly situated" as

that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

48. Named Plaintiff and the Employees Entitled to Notice have been similarly affected by the violations of Defendant in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned FLSA compliant wages.

49. Named Plaintiff seeks to have the Court send supervised notice pursuant to 29 U.S.C. § 216(b), as defined above, to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

50. Named Plaintiff is similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

51. Named Plaintiff intends to send notice to all the Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA.

52. Named Plaintiff and the Employees Entitled to Notice have been damaged by Defendant's willful refusal to pay entitled overtime compensation for all hours worked.

53. As result of Defendant's FLSA violations, Named Plaintiff and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

B.	**FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS**

54. Plaintiff re-alleges, and incorporates by reference, the allegations et forth in the preceding paragraphs.

55. Plaintiffs bring their Oregon Wage Law claims as a class action pursuant to

Federal Rule of Civil Procedure 23 on behalf of:

> **All current and former non-exempt employees employed by Freedom Mortgage Corporation in Oregon at any time within the period of two (2) years preceding the filing of Plaintiffs' Motion for Court Supervised Notice through the date of judgment who worked at least 38 hours in any one workweek. (the "Oregon Rule 23 Class")**

56. Class action treatment of Named Plaintiff's Oregon Rule 23 Class claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

57. The Oregon Rule 23 Class, upon information and belief, includes over dozens of individuals, all of whom are readily ascertainable based on Defendant's standard payroll records and are so numerous that joinder of all class members is impracticable.

58. Named Plaintiff is a member of the Oregon Rule 23 Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict wit the interests of other Oregon Rule 23 Class members.

59. Named Plaintiff and his counsel will fairly and adequately represent the Oregon Rule 23 Class members and their interests.

60. Defendant's corporate wide policies, practices and willful conduct affected the Oregon Rule 23 Class members similarly, and Defendant has benefited from the same type of unfair and/or wrongful acts as to each of the Oregon Rule 23 Class members.

61. Named Plaintiff and the Oregon Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, policies, and willful conduct.

62. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly within the context of wage and hour litigation on behalf of non-exempt workers where individual class members lack the financial resources to

vigorously prosecute a lawsuit against a corporate defendant.

63. Common questions of law and fact exist as to Named Plaintiff and the Oregon Rule 23 Class members that predominate over any questions only affecting Named Plaintiff individually and include, but are not limited to:

    a. Whether Defendant failed to pay Named Plaintiff and the Oregon Rule 23 Class member at least one-and one-half their regular rate of pay for all hours worked over forty (40).

    b. Whether Defendant's companywide decision to not pay Named Plaintiff and the Oregon Rule 23 Class members at least one-and one-half their regular rate of pay for all hours worked over forty (40) was willful and without a good faith basis.

    c. The nature and extent of class-wide injury and the measure of damages for those injuries.

64. Named Plaintiff and the Oregon Rule 23 Class Members have been damages by Defendant's willful refusal to pay at least the Oregon minimum wage for all hours worked.

65. As a result of Defendant's Oregon Wage Law violations, Named Plaintiff and the Oregon Rule 23 Class members are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## COUNT I
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

66. Named Plaintiff re-alleges and incorporates by reference, the allegations set forth in the preceding paragraphs.

67. Named Plaintiff asserts this claim on behalf of himself and Employees Entitled to Notice by filing a consent form pursuant to 29 U.S.C. § 216(b).

68. At all times material to this Complaint, Defendant was subject to the FLSA and employed Named Plaintiff, and upon information and belief, the Employees Entitled to Notice pursuant to the FLSA.

69. At all times material to this Complaint, Named Plaintiff, and upon information and belief, the Employees Entitled to Notice, were non-exempt employees entitled to FLSA coverage.

70. At all times material to this Complaint, Defendant regularly employed Named Plaintiff and, upon information and belief, the Employees Entitled to Notice, to work more than forty (40) hours in a workweek.

71. At all times material to this Complaint, Named Plaintiff, and upon information and belief, the Employees Entitled to Notice were entitled to receive time and a half for their hours worked in excess of forty (40) in a workweek.

72. At all times material to this Complaint, Named Plaintiff, and upon information and belief, the Employees Entitled to Notice were not paid for all hours worked and overtime compensation at the rates required by the FLSA, resulting from generally applicable policies and practices of Defendant.

73. Defendant willfully subjected Named Plaintiff and, upon information and belief, the Employees Entitled to Notice, to a companywide policy that required employees to perform off-the-clock work without pay, a failure to perform as required by the FLSA.

74. Named Plaintiff and the Employees Entitled to Notice are entitled to recover all unpaid overtime wages, an equal amount in liquidated damages, and attorney's fees and expenses pursuant to 29 U.S.C. § 216(b).

75. In violating the FLSA, Defendant, lacking a good faith basis, acted willfully and

with reckless disregard for clearly applicable FLSA provisions.

## COUNT II
### VIOLATION OF THE OVERTIME REQUIREMENTS OF THE OREGON WAGE LAWS

76. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

77. Named Plaintiff asserts this claim on behalf of himself and members of the Oregon Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

78. At all times material to this Complaint, Defendant was subject to the Oregon Wage Laws and employed Named Plaintiff, and upon information and belief, the Oregon Rule 23 Class members, pursuant to the Oregon Wage Laws.

79. At all times material to this Complaint, Named Plaintiff, and upon information and belief, the Oregon Rule 23 Class members, were non-exempt employees entitled to Oregon Wage Laws coverage.

80. At all times material to this Complaint, Defendant regularly employed Named Plaintiff and, upon information and belief, the Oregon Rule 23 Class members, to work more than forty (40) hours in a workweek.

81. At all times material to this Complaint, Named Plaintiff, and upon information and belief, the Oregon Rule 23 Class members, were entitled to receive time and a half their regular rate for hours worked in excess of forty (40) in a workweek pursuant to ORS 653.261.

82. Defendant willfully subjected Named Plaintiff and, upon information and belief, the Oregon Rule 23 Class members , to a companywide policy that required employees to perform off-the-clock work without pay, as required by the Oregon Wage Laws.

83. Named Plaintiff, and, upon information and belief, the Oregon Rule 23 Class

members, are entitled to recover all unpaid overtime wages, and other compensation, liquidated damages, interest, and attorney's fees and expenses, and all other remedies available as compensation for Defendant's violations of the Oregon Wage Laws.

84. In violating the Oregon Wage Laws, Defendant, lacking a good faith basis, acted willfully and with reckless disregard for clearly applicable Oregon Wage Laws provisions.

### COUNT III
### VIOLATION OF THE OVERTIME REQUIREMENTS OF THE OREGON ADMINISTRATIVE RULES

85. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

86. Named Plaintiff asserts this claim on behalf of himself and members of the Oregon Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

87. At all times relevant to this Complaint, Defendant employed Named Plaintiff and the Oregon Rule 23 Class members within the meaning of the Oregon Administrative Rules and was subject to its compliance.

88. At all times relevant to this Complaint, OAR 839-020-0050(2)(a) provides that every employer shall provide to each employee, for each work period of not less than six or more than eight hours, a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties. If an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period. *See Id*.

89. At all times relevant to this Complaint, OAR 839-020-0030(1) provides that all worked performed in excess of forty (40) hours per week must be paid for at a rate of not less than one and one-half times the regular rate of pay.

90. At all times material to this Complaint, Defendant has refused to pay Named Plaintiff and, upon information and belief, the Oregon Rule 23 Class members, for the time spent performing integral and indispensable tasks during their thirty (30) minute auto-deducted meal breaks.

91. As a result, Defendant has failed to pay Named Plaintiff and the Oregon Rule 23 Class members all owed overtime wages at one-and-a-half times their normal hourly rate.

92. Defendant's violations of the Oregon Administrative Rules have been a willful, intentional, and a bad faith disregard of the Oregon Administrative Rules provisions.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff, on behalf of himself and the Employees Entitled to Notice, prays that this Court enter the following relief:

A. For an Order sending Court Supervised Notice to the Employees Entitled to Notice as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. In the event the Defendant seeks to have discovery on the issues of whether the Employees Entitled to Notice are similarly situated to the Named Plaintiff, that the Court issue an order tolling the FLSA statute of limitations for the Employees Entitled to Notice as of the filing of this Complaint through the end of the notice discovery period;

C. Issuing proper notice to the Employees Entitled to Notice at Defendant's expense;

D. Unpaid overtime wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiff and the Employees Entitled to Notice that join the lawsuit;

      E.      An Order permitting this litigation to proceed as a representative action and a Federal Rule 23 class action for the Oregon Wage Laws.

      F.      Designation of Named Plaintiff as the Class Representative for the Oregon Rule 23 Class.

      G.      A declaratory judgment that the practice complained of herein is unlawful under the Oregon Wage Laws;

      H.      A finding that the Defendant acted willfully and without a good faith basis for its violations of the FLSA and Oregon Wage Laws;

      I.      Awarding pre-judgment and post-judgment interest;

      J.      An award of prejudgment and post-judgment interest;

      K.      An award of costs and expenses of this action, together with reasonable attorney' fees and expert fees; and,

      L.      Any other relief to which the Named Plaintiff, the Employees Entitled to Notice who join this lawsuit may be entitled.

Dated: March 12, 2025                      Respectfully submitted,

                                        **DANNLAW**

                                        */s/ Javier Merino, Esq.*
                                        Javier Merino, NJ Bar No. 078112014
                                        jmerino@dannlaw.com
                                        825 Georges Road, Second Floor
                                        New Brunswick, NJ 08902
                                        Telephone: 201-355-3440

                                        **BARKAN MEIZLISH DEROSE COX, LLP**

                                        */s/ Robert E. DeRose*
                                        Robert E. DeRose, OH Bar No. 0055214*
                                        bederose@barkanmeizlish.com
                                        Anna R. Caplan (OH Bar No. 0104562)*
                                        acaplan@barkanmeizlish.com

        4200 Regent Street, Ste 210
        Columbus, Ohio 43219
        Telephone: 614-221-4221

        **ANDERSON ALEXANDER, PLLC**

        /s/ *Lauren E. Braddy*
        Lauren E. Braddy, TX Bar No. 24071993*
        lauren@a2xlaw.com
        Clif Alexander, TX Bar No. 24064805*
        clif@a2xlaw.com
        Austin W. Anderson, TX Bar No. 24045189*
        austin@a2xlaw.com
        Carter T. Hastings, TX Bar No. 24101879*
        carter@a2xlaw.com
        101 N. Shoreline Blvd., Ste 610
        Corpus Christi, Texas 78401
        Telephone: 361-452-1279

        * Pro Hac Vice Anticipated

        *Attorneys for Plaintiffs*

## **JURY DEMAND**

Plaintiffs request a trial by jury on all of their claims.

        */s/ Javier Merino, Esq.*
        Javier Merino