**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRIS C. CHRISTENSEN, JONATHAN JACK, and GLADIS MEDINA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>Defendant. | Civil No. 25-CV-01827-CPO-AMD<br><br>District Judge Christine P. O'Hearn<br><br>Magistrate Judge Ann Marie Donio |

**ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING JOINT MOTION TO
APPROVE COURT-SUPERVISED NOTICE OF FLSA SETTLEMENT**

Plaintiffs Chris C. Christensen, Jonathan Jack, and Gladis Medina, individually and on behalf of others allegedly similarly situated, have moved for preliminary approval of a proposed class action settlement. Plaintiffs and Defendant Freedom Mortgage Corporation ("Freedom" or "Defendant") (collectively, the "Parties") have also jointly moved this Court to approve sending notice of their proposed Fair Labor Standards Act (the "FLSA") settlement to all current and former employees who have worked for Freedom anywhere in the United States in a non-exempt position; have performed work remotely at any time on or after March 12, 2022, in a position that requires accepting calls from and/or making calls to Freedom customers; have been required to clock in and/or log in to work using a software application; and who have worked at least 38 hours in any one workweek at any time between March 12, 2022, through the date of the Court's preliminary approval of the Class Action Settlement or March 4, 2026, whichever occurs last. After review of the Parties' Class and Collective Action Settlement Agreement, together with the exhibits thereto, as well as Plaintiffs' Unopposed Motion for Preliminary Approval of the Class

1

Action Settlement and the Parties' Joint Motion to Approve Court-Supervised Notice of Settlement, and after hearing arguments of counsel for the Parties, the Court finds and orders as follows:

1. The Court finds on a preliminary basis that the class action settlement ("Class Action Settlement") memorialized in the "Class and Collective Action Settlement Agreement" (the "Settlement Agreement") is fair, reasonable, and adequate, subject to the following revisions:

   a. Section IV.5.b ("**Release For Settlement Class Members And Collective Action Members**") is hereby amended as follows: "Upon the Effective Date, Settlement Class Members who have not returned timely and complete Requests for Exclusion, on behalf of themselves and their heirs, representatives, successors, assigns, and attorneys, fully and finally release and discharge Defendant and the Released Parties from any and all suits, actions, causes of action, claims, or demands ~~in any way growing out of or related to their work for Defendant, or~~ that were or could have been asserted in the Lawsuit, ~~or~~ and that are based on or arise out of the facts alleged in any version of the complaint filed in the Lawsuit, from the beginning of the relevant period through the Effective Date of the Settlement Agreement, including without limitation: any claims under New Jersey, Pennsylvania, and Oregon common law and statutory law, the FLSA, any applicable federal, state, county, or local laws, statutes, regulations, ordinances, or wage orders for alleged unpaid overtime, regular, straight-time, or minimum wages; any claims for retaliation relative to any complaints made regarding allegedly unpaid overtime, regular, straight-time, or minimum wages; any claims for failure to provide compliant meal and/or rest breaks, for failure to pay meal and/or rest period

2

compensation, for failure to maintain required business records, for failure to provide accurate or complete itemized wage statements, for failure to compensate for all time worked, for failure to properly calculate compensable time worked or the regular rate of pay, for waiting time penalties, and for failure to pay all wages due in a timely manner, including upon employment termination; any claims relating to contributions to any 401(k) or other retirement or employee benefit plan based on payments made by reason of the Settlement; and any claims for damages, reimbursements, unpaid advances, civil and/or statutory penalties, liquidated damages, punitive damages, multiple damages, interest, attorneys' fees, litigation costs, restitution, and/or equitable relief, whether arising under common law, statutory law, wage statutes, federal, state, county, or local laws, regulations, ordinances, or wage orders (collectively, the 'Released Class Claims')."

b. Section IV.5.c ("**Release For Opt-In Plaintiffs and Claimants**") is hereby amended as follows: "Upon the Effective Date, Opt-In Plaintiffs and Claimants, on behalf of themselves and their heirs, representatives, successors, assigns, and attorneys, shall fully and finally release and discharge Defendant and the Released Parties from any and all suits, actions, causes of action, claims, or demands ~~in any way growing out of or related to their work for Defendant, or~~ that were or could have been asserted in the Lawsuit, ~~or~~ and that are based on or arise out of the facts alleged in any version of the complaint filed in the Lawsuit, from March 12, 2022, through the Effective Date of the Settlement Agreement, including without limitation: any claims under the FLSA, any applicable federal laws, statutes, regulations, ordinances, or wage orders for alleged unpaid overtime, regular,

3

straight-time, or minimum wages; any claims for retaliation relative to any complaints made regarding allegedly unpaid overtime, regular, straight-time, or minimum wages; any claims for failure to provide compliant meal and/or rest breaks, failure to pay meal and/or rest period compensation, failure to maintain required business records, failure to provide accurate or complete itemized wage statements, failure to compensate for all time worked, failure to properly calculate compensable time worked or the regular rate of pay, waiting time penalties, failure to pay all wages due in a timely manner, including upon employment termination; and any claims relating to contributions to any 401(k) or other retirement or employee benefit plan based on payments made by reason of the Settlement (collectively, the 'Released FLSA Claims')."

2.      The Court further finds on a preliminary basis that the Class Action Settlement resolves a *bona fide* dispute between, on the one hand, Plaintiffs and Settlement Class Members, and on the other hand, Defendant. The Class Action Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action and collective action litigation in general and complex wage & hour litigation in particular, and with the legal and factual issues of this case.

3.      Subject to the amendments to Sections IV.5.b and IV.5.c memorialized in Paragraph 1 of this Order, this Order incorporates by reference the definitions set forth in the Settlement Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement unless otherwise stated.

4.      The Court has considered the pleadings and arguments made by Plaintiffs in support of the motion for preliminary approval and finds that provisional certification of the

4

proposed Rule 23 classes described in the Settlement Agreement is proper and that they should be provisionally certified for settlement purposes. The Court further finds that the Class Action Settlement was entered into at arm's length by highly experienced counsel providing excellent representation. Solely for the purposes of the proposed Class Action Settlement, the following Rule 23 classes are hereby provisionally certified for purposes of settlement only pursuant to Rule 23 of the Federal Rules of Civil Procedure:

(1) All current and former employees who have worked for Freedom within the State of New Jersey in a non-exempt position; have performed work remotely at any time on or after August 6, 2019, in a position that requires accepting calls from and/or making calls to Freedom customers; have been required to clock in and/or log in to work using a software application; and who have worked at least 38 hours in any one workweek at any time between August 6, 2019, through the date of the Court's preliminary approval of the Class Action Settlement or March 4, 2026, whichever occurs last.

(2) All current and former employees who have worked for Freedom within the State of Oregon in a non-exempt position; have performed work remotely at any time on or after March 12, 2023, in a position that requires accepting calls from and/or making calls to Freedom customers; have been required to clock in and/or log in to work using a software application; and who have worked at least 38 hours in any one workweek at any time between March 12, 2023, through the date of the Court's preliminary approval of the Class Action Settlement or March 4, 2026, whichever occurs last.

(3) All current and former employees who have worked for Freedom within the Commonwealth of Pennsylvania in a non-exempt position; have performed work remotely at any time on or after March 12, 2022, in a position that requires accepting calls from

and/or making calls to Freedom customers; have been required to clock in and/or log in to work using a software application; and who have worked at least 38 hours in any one workweek at any time between March 12, 2022, through the date of the Court's preliminary approval of the Class Action Settlement or March 4, 2026, whichever occurs last. These classes are collectively referred to herein as the "Settlement Class."

5.      Solely for the purposes of settlement, the Court finds that: (1) the membership of the Rule 23 classes is so numerous that joinder is impracticable; (2) questions of law and fact are common to the Rule 23 classes; (3) the claims of the Class Representatives are typical of the claims of the Rule 23 classes; and (4) the Class Representatives will fairly and adequately protect the interests of the Rule 23 class members.  Further, for purposes of settlement only, the Court finds that the proposed Rule 23 classes meet the predominance and superiority requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure. Certification of the Rule 23 classes for settlement purposes is the best means of protecting the interests of all of the members of the Rule 23 classes. Because Defendant has consented to jurisdiction for settlement purposes only, the Court has jurisdiction over all settled claims.

6.      The Court also finds that the Class Action Settlement provides adequate relief to Settlement Class Members, considering the costs, risks, and delay associated with trial and appeal, as well as the effectiveness of the proposed distribution of Class Action Settlement Payments to Claimants.

7.      Solely for the purposes of the proposed Class Action Settlement, the Court preliminarily approves Robert E. DeRose and Anna R. Caplan of Barkan Meizlish DeRose Cox, LLP, Clif Alexander and Carter T. Hastings of Anderson Alexander, PLLC, and Javier Merino of DannLaw as Class Counsel on behalf of the Settlement Class Members.

8.      The Court also hereby preliminarily approves Chris C. Christensen, Jonathan Jack, and Gladis Medina as Class Representatives.

9.      The Court appoints ILYM Group as the Settlement Claims Administrator.

10.      The Court approves, as to form and content: (i) the proposed Notice Plan, which includes a Notice of Settlement and a Claim Form, attached to the Settlement Agreement as **Exhibits D and E**;[1] and (ii) the General Release and Waiver attached to the Settlement Agreement as **Exhibit C**. The Court finds that the procedures for notifying the Settlement Class Members about the Class Action Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process and Rule 23, and directs distribution of the Notice Packet to Settlement Class Members as set forth in the Settlement Agreement.

11.      A hearing, for purposes of determining whether the Class Action Settlement should be finally approved for purposes of Rule 23, shall be held before this Court on September 10, 2026, at 10:00am, in Courtroom 5A, U.S. District Court for the District of New Jersey, The Honorable Christine P. O'Hearn, Mitchell H. Cohen Building and United States Courthouse, 4th & Cooper Streets, Camden, New Jersey 08101. At the hearing, the Court will hear arguments concerning whether the proposed Settlement of the Class Action and Collective Action Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court for purposes of Rule 23. The Court also will

---

[1] Pursuant to the Court's directive stated during the status conference held on April 7, 2026 (*see* ECF No. 59), and to address the two issues identified in the Court's March 24, 2026 text order (ECF No. 56), Plaintiffs supplemented their Unopposed Motion for Preliminary Approval of the Class Action Settlement with amended versions of the Notice of Settlement (Exhibit D to the Settlement Agreement) and the Claim Form (Exhibit E). *See* ECF Nos. 60-1, 60-3. For purposes of effectuating the Notice Plan approved by this Order, the amended versions of the Notice of Settlement and the Claim Form shall be used.

consider Class Counsel's request for an award of attorneys' fees and costs and for Service Payments to be made to the Named Plaintiffs and Service Award Recipients.

12.    No later than thirty (30) calendar days after the Court enters the Preliminary Approval Order, Defendant shall transmit the payment required by the Settlement Agreement by wire transfer (or other appropriate means) to the Qualified Settlement Fund ("QSF").  If the Court decides not to enter a Final Approval Order and Judgment for any reason, then the entire amount in the QSF, including any interest earned on that amount, will be returned to Defendant, less any Administration Costs expended up to that point.  No other funds shall be added to or comingled with the QSF except as provided for by the Settlement Agreement.  In no event shall the Settlement Administrator withdraw, transfer, pledge, impair, or otherwise make use of the funds in the QSF except as expressly provided in the Settlement Agreement.

13.    With respect to the QSF, the Settlement Administrator shall comply with all of the limitations, duties, and requirements set forth in the Settlement Agreement and all applicable federal, state, and local laws.

14.    The QSF, including all interest or other income generated therein, shall be in *custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any third party, including any Settlement Class Member.

15.    Until the Court's decision on final approval of the Class Action Settlement and entry of the Court's Final Approval Order and Judgment, the Named Plaintiffs, Claimants, and all Settlement Class Members who do not timely submit valid Requests for Exclusion, and anyone acting on their behalf, shall be barred and enjoined from: (a) further litigation relative to any of the claims released in the Class Action Settlement; and (b) filing or taking any action directly or indirectly to commence, prosecute, pursue, or participate in an individual or class action basis any

8

action, claim, or proceeding against Defendant in any forum any of the claims released in the Class Action Settlement, or taking any steps that in any way would prevent any such claims from being extinguished.

16.    As of the Effective Date, if it occurs, each and every claim released in the Class Action Settlement by each of the Named Plaintiffs, Claimants, and Settlement Class Members who have not timely submitted valid Requests for Exclusion shall be deemed to be conclusively and forever released as against Defendant and the Released Parties.  As of the Effective Date, if it occurs, all Named Plaintiffs, Claimants, and Settlement Class Members who have not timely submitted valid Requests for Exclusion are forever barred and enjoined from prosecuting the claims released in the Class Action Settlement against Defendant.

17.    All Settlement Class Members who do not opt out of the Class Action Settlement by submitting a timely Request for Exclusion shall be bound by all determinations and judgments in the Class Action and Collective Action Litigation concerning the Class Action Settlement, whether favorable or unfavorable to the Settlement Class or Settlement Class Members. Further, all Claimants shall be bound by all determinations and judgments in the Class Action and Collective Action Litigation concerning the Class Action Settlement, whether favorable or unfavorable to the Settlement Class or Claimants.

18.    To receive a Class Action Settlement Payment under the Class Action Settlement, Settlement Class Members must complete, execute, and mail a Claim Form to the Settlement Administrator so that it is postmarked or received no later than the Claim Deadline, as specified in the Settlement Agreement, except that the Named Plaintiffs and individuals who have already consented to join the lawsuit as Opt-in Plaintiffs, identified in **Exhibit A** to the Settlement Agreement, are not required to submit Claim Forms to receive their Class Action Settlement

9

Payments. With the exception of the Named Plaintiffs and individuals who have already consented to join the lawsuit as Opt-in Plaintiffs (identified in Exhibit A to the Settlement Agreement), any Settlement Class Member who does not submit a timely, complete, and fully executed Claim Form will not receive a Class Action Settlement Payment.

19.    Any Settlement Class Members objecting to the terms of the Class Action Settlement must do so in writing no later than the Claim Deadline and subject to the terms and conditions set forth in the Settlement Agreement.  The written objection must be mailed to the Clerk of the Court and to the Settlement Administrator on or before this date.

20.    Any Settlement Class Member who wishes to be excluded ("Opt Out") from the Settlement Class and not participate in the proposed Class Action Settlement must complete and submit a Request for Exclusion, and it must be postmarked or received by the Settlement Administrator no later than the Claim Deadline as specified in the Settlement Agreement.

21.    Any Settlement Class Member may enter an appearance in the Class Action and Collective Action Litigation, at his or her own expense, individually or through counsel of his or her own choice.  Any Settlement Class Member who does not enter an appearance or Opt Out of the Settlement Class will be represented by Class Counsel.

22.    Any Settlement Class Member may appear at the Final Approval Hearing and show cause, if he or she has any, as to why the proposed Class Action Settlement should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon; provided, however, that (i) no Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Class Action Settlement, or, if approved, the Judgment to be entered thereon approving the same, unless that Settlement Class Member or person has, no later than the Claim Deadline, mailed to the Clerk of

the Court and to the Settlement Administrator a written objection explaining the basis of the objection; and (ii) no Settlement Class Member or any other person shall be heard or entitled to comment in favor of the proposed Class Action Settlement unless that Settlement Class Member or person has, no later than seven (7) days prior to the Final Approval Hearing, mailed to the Clerk of the Court and to the Settlement Administrator written notice of his or her comments and/or intent to appear and comment in favor of the Class Action Settlement at the Final Approval Hearing. All timely filed and served objections shall be considered and ruled upon by the Court at the Final Approval Hearing.  Any Settlement Class Member or other person who does not timely file and serve his or her objection in the manner provided in the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Class Action Settlement as incorporated in the Settlement Agreement.

23.     In the event that the Effective Date (as defined in the Settlement Agreement) does not occur, the Settlement and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

24.     The Parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

25.     To the extent any prior order of this Court related to this Class Action and Collective Action Litigation is inconsistent with any of the terms or provisions contemplated by this Order or the Settlement Agreement, the terms in this Order and the Settlement Agreement shall govern, and such prior orders shall be hereby modified so as to allow the terms, provisions, and activities contemplated by the Settlement Agreement until such time as the Settlement is finally approved or deemed null and void.

26.    The Court therefore preliminarily approves the proposed Class Action Settlement.

27.    The Court further finds, for purposes of this Settlement only, that the "Collective Action Members" as defined in the Parties' Settlement Agreement, are "similarly situated" to each other and to the Named Plaintiffs, within the meaning of 29 U.S.C. § 216(b).  As set forth in the Parties' Settlement Agreement and in their Stipulation Regarding Settlement, the "Collective Action Members" are current and former employees who have worked for Freedom anywhere in the United States in a non-exempt position; have performed work remotely at any time on or after March 12, 2022, in a position that requires accepting calls from and/or making calls to Freedom customers; have been required to clock in and/or log in to work using a software application; and who have worked at least 38 hours in any one workweek at any time between March 12, 2022, through the date of the Court's preliminary approval of the Class Action Settlement or March 4, 2026, whichever occurs last.  Should the Court not grant final approval of the Parties' Settlement for whatever reason, the Parties' Stipulation as to the Named Plaintiffs being similarly situated shall become null and void *ab initio*, shall have no bearing on, and shall not be admissible or probative evidence in connection with, the issues of whether the Named Plaintiffs are similarly situated under the FLSA or whether any Collective Action Members should receive notice of a collective action under the FLSA in a non-settlement context.

28.    The Parties request that the Court permit Plaintiffs' counsel to send notice via U.S. Mail as set forth in the Settlement Agreement and that the Court approve the form of the notices (as amended) attached to their Settlement Agreement as Exhibits D and E. *See* ECF Nos. 60-1, 60-3. In support of their Joint Motion to Approve Court-Supervised Notice of FLSA Settlement, for purposes of this Settlement only, the Parties have stipulated that all individuals to whom Plaintiffs

will send notice are "similarly situated" to the Named Plaintiffs and to each other, within the meaning of the FLSA.

29.     In light of the Parties' stipulation for purposes of this Settlement that the other employees to whom Plaintiffs request to send notice are similarly situated to each other and to the Named Plaintiffs, the pending Joint Motion to Approve Court-Supervised Notice of Settlement is **GRANTED**. The Court **APPROVES** Plaintiffs sending notice to all current and former employees who have worked for Freedom anywhere in the United States in a non-exempt position; have performed work remotely at any time on or after March 12, 2022, in a position that requires accepting calls from and/or making calls to Freedom customers; have been required to clock in and/or log in to work using a software application; and who have worked at least 38 hours in any one workweek at any time between March 12, 2022, through the date of the Court's preliminary approval of the Class Action Settlement or March 4, 2026, whichever occurs last.  The Parties' agreed-to opt-in period and proposed notices are also **APPROVED**.

**IT IS SO ORDERED** on this   __16__   day of   __April__  , 2026



United States District Judge

13